BLACKBURN (UNITED STATES v.). See Case No. 14,603.

---

## Case No. 1,469.

### The BLACK HAWK.

[9 Ben. 207.][1]

District Court, S. D. New York. Aug. Term, 1877.

SHIPPING—DAMAGE TO CARGO—NEGLIGENT STOWAGE—EVIDENCE.

1. A bill of lading for a cask of wine receipted for it "in good order and condition," and excepted "the dangers of the seas." On arrival in port, and before being moved from its place in the vessel, it was found to be leaking, with one of its heads crushed in, and a large proportion of the wine had leaked out. In a suit in rem, in admiralty, against the vessel, to

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

recover for the value of the lost wine: *Held*, the libellant must show negligence in the handling or stowage of the cask.

[Cited in The Pharos, 9 Fed. 914.]

[See Clark v. Barnwell, 12 How. (53 U. S.) 280; The Sabioncello, Case No. 12,198.]

2. The condition of the cask on arrival was prima facie evidence of such negligence.

[Cited in The Pharos, 9 Fed. 914.]

[See Clark v. Barnwell, 12 How. (53 U. S.) 280; English v. Ocean Steam Nav. Co., Case No. 4,490; Bazin v. Steamship Co., Id. 1,152; The Live Yankee, Id. 8,409; The Neptune, Id. 10,118; The Oriflamme, Id. 10,571; The Sabioncello, Id. 12,198; The Compta, Id. 3,069; The Vincenzo T., Id. 16,948.]

3. The vessel must then show that the damage was not caused by negligence on the part of the vessel.

[Cited in The Pharos, 9 Fed. 914.]

[See Clark v. Barnwell, 12 How. (53 U. S.) 280; English v. Ocean Steam Nav. Co., Case No. 4,490; Bazin v. Steamship Co., Id. 1,152; The Live Yankee, Id. 8,409; The Neptune, Id. 10,118; The Sabioncello, Id. 12,198; The Compta, Id. 3,069; The Vincenzo T., Id. 16,948.]

4. General evidence as to proper stowage and dunnage, in place, does not show that the head was not crushed in, in handling, after the vessel took charge of it.

5. Such handling is part of the stowage.

6. The vessel was liable for the value of the lost wine.

Beebe, Wilcox & Hobbs, for libellants. R. D. Benedict, for claimants.

BLATCHFORD, District Judge. The libellants shipped, at San Francisco, on the 18th of June, 1875, on board of the ship Black Hawk, for New York, sixty-seven pipes and half-pipes of California wine, for which the ship gave a bill of lading stating that there were sixty-seven packages of wine; that they were shipped in good order and condition, except that casks Nos. 278, 285 and 288 had broken staves when received; and that they were to be delivered in "like" good order and condition at New York, at the ship's tackles, the dangers of the seas, sweat, fire and collision excepted. The bill of lading contained the following clause: "Vessel not accountable for breakage, leakage or rust, if properly stowed." On the arrival of the vessel at New York, one of the pipes, No. 447, was found, before it was moved from the place where it was stowed in the vessel, to be leaking, and, on examination, one of its heads was found to be crushed in and broken in such manner as to sufficiently account for the leakage. A very large proportion of the wine in the pipe had leaked out. This suit is brought to recover for the value of the lost wine.

There is no doubt that, under a bill of lading of the above character, it is not sufficient for the libellant to show merely that there was leakage of the wine during the voyage. The pipe being in good condition apparently externally, so far as the wood was concerned, when it was delivered to the vessel, and being in a leaking condition on arrival, and a very large proportion of the wine having leaked out of it, it is for the libellants to give evidence to show negligence on the part of the vessel in respect to the handling or stowage of the pipe. The fact of the crushing in and breaking of the head of the pipe to such an extent as to account for the leakage, is prima facie evidence of such negligence. The damage was done to the pipe while it was in the custody of the vessel. It is then for the vessel to show that the damage was not caused by negligence on the part of the vessel. It is not shown that there was any shifting of cargo or other accident, caused by stormy weather, which could bring the case within the exception of "the dangers of the seas," in the bill of lading. General evidence is given by the vessel that the pipes and half-pipes of wine were properly stowed and dunnaged. But this evidence only applies to the manner in which the packages were braced and supported and protected while lying in their places in the vessel. The stowing of the packages covers the entire handling of them from the time of their delivery into the custody of the vessel, while on their transit to their places in the vessel. The evidence is clear, that the pipe in question received a violent external blow on its head, causing the injury and leakage in question, and the evidence of good stowage and dunnage, and the absence of evidence of any stormy weather sufficient to account for the leakage, show abundantly, that, in handling the pipe, on its transit to its place in the vessel from the place where it passed into the custody of those in charge of the ship, they allowed it to receive such blow. To do so was negligence, which caused the injury and the leakage. The pipe was not "properly stowed," within the meaning of the bill of lading, and such want of proper stowage caused the damage in question.

There must be a decree for the libellants, with costs, with a reference to ascertain the damages.